# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

**FILED BY**

JUL 1 2 2005

Thomas M. Gould, Clerk
U. S. District Court
W. D. OF TN, Jackson

| | |
|---|---|
| VICKERY TRANSPORTATION, INC., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| VS. ) | No. 02-1323-T-An |
| ) | |
| POLLUTION CONTROL INDUSTRIES ) | |
| OF TENNESSEE, LLC, and POLLUTION ) | |
| CONTROL INDUSTRIES, INC., ) | |
| ) | |
|     Defendants. ) | |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT OF INTERVENING PLAINTIFFS GROCERS' ICE AND INDIANA INSURANCE COMPANY

Plaintiff Vickery Transportation, Inc. ("Vickery"), filed this complaint against Pollution Control Industries of Tennessee, LLC, and Pollution Control Industries, Inc. (collectively "Pollution Control"), for damages that allegedly resulted from a hazardous waste incident that occurred at an I-40 truck stop in Haywood County, Tennessee. Jurisdiction is predicated on diversity of citizenship, 28 U.S.C. § 1332. On April 24, 2004, Grocers' Ice and Cold Storage Company and Indiana Insurance Company (collectively "Grocers' Ice") were allowed to intervene as plaintiffs.[1] Grocers' Ice has filed a motion for summary judgment. Plaintiff and Defendant have filed responses to the motion. For the

---

[1] Jennie Woodland, Dianne Woodland, Latosha Woodland, and Cordaysia Lovings were allowed to intervene as plaintiffs on July 3, 2003, and Liberty Mutual Insurance Company was allowed to intervene on October 22, 2003.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on _____7/12/05_____



reasons set forth below, Grocers' Ice's motion for summary judgment is DENIED.

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. To prevail on a motion for summary judgment, the moving party has the burden of showing the "absence of a genuine issue of material fact as to an essential element of the nonvovant's case." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The moving party may support the motion with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The opposing party may not rest upon the pleadings but, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

"If the defendant . . . moves for summary judgment . . . based on the lack of proof of a material fact, . . . [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter, however. Anderson, 477 U.S. at 249. Rather, "[t]he inquiry on a summary judgment motion . . . is . . . 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" Street, 886 F.2d at 1479 (quoting Anderson, 477 U.S. at 251-52). Doubts as to the existence of a genuine issue for trial are resolved against the moving party.

Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970).

On the date in question, Plaintiff was hauling hazardous waste materials on behalf of Defendant.[2]  While the truck was parked at a rest stop, a reaction occurred within the trailer which caused a release of hazardous chemicals.  One of the nearby vehicles was a truck owned and operated by Intervening Plaintiff Grocers' Ice.  This vehicle was allegedly damaged by the spray of hazardous materials, and its cargo of ice blocks was lost.  Plaintiff and Defendant both contend that the other party was responsible for any damages sustained. Intervening Plaintiff contends that Plaintiff and Defendant are jointly and severally liable for its injuries.

Because federal jurisdiction in this case is based on diversity of citizenship, questions of substantive law are governed by the law of the forum state.  Mills v. GAF Corp., 20 F.3d 678, 681 (6th Cir.1994) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-80 (1938)).

In McIntyre v. Balentine, 833 S.W.2d 52, 57 (Tenn.1992), the Tennessee Supreme Court adopted the doctrine of modified comparative fault. The purpose of comparative fault is to assess liability in proportion to fault. See Owens v. Truckstops of Am., 915 S.W.2d 420, 429 (Tenn. 1996); McIntyre, 833 S.W.2d at 58. When "the separate, independent negligent acts of more than one tortfeasor combine to cause a single, indivisible injury, each tortfeasor will be liable only for that proportion of the damages attributable to its fault." Owens, 915 S.W.2d at 430. The adoption of comparative fault rendered the doctrine of joint

---

[2] The facts are stated for the purpose of deciding this motion only.

and several liability obsolete. See *id.*; McIntyre, 833 S.W.2d at 58.  In Whitehead v. Toyota

Motor Corp., 897 S.W.2d 684, 693-94 (Tenn.1995), the Tennessee Supreme Court held that

comparative fault principles apply to products liability actions.

Because the trier of fact must apportion fault between the parties, summary judgment

is not appropriate.  Accordingly, the motion for summary judgment of Intervening Plaintiff

Grocers' Ice and Cold Storage Company and Indiana Insurance Company is DENIED.

IT IS SO ORDERED.


JAMES D. TODD
UNITED STATES DISTRICT JUDGE

DATE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 60 in case 1:02-CV-01323 was distributed by fax, mail, or direct printing on July 12, 2005 to the parties listed.

---

John S. Bryant
WALKER BRYANT TIPPS & MALONE
150 Fourth Ave., N.
Ste. 2300
Nashville, TN 37219

W. Scott Sims
WALKER BRYANT TIPPS & MALONE
150 Fourth Ave., N.
Ste. 2300
Nashville, TN 37219

Melissa A. Maravich
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103--221

R. Gregg Hovious
HOVIOUS LAW OFFICE
101 South Fifth St.
Louisville, KY 40202

Carl Wyatt
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Michael W. Whitaker
WHITAKER LAW FIRM
7054 Highway 64
Oakland, TN 38060

Honorable James Todd
US DISTRICT COURT